**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**WELLS FARGO BANK, N.A.**

      **Plaintiff,**

v.

**FLOYD E. HARRINGTON, at al.**

      **Defendants.**

Civil Action No. 14-cv-03629(ES) (JAD)

**REPORT AND**
**RECOMMENDATION**

---

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Plaintiff's motion to remand this case from the United States District Court for the District of New Jersey to the Superior Court of New Jersey, Chancery Division, Essex County, pursuant to the doctrine of collateral estoppel and 28 U.S.C. §1446. (Notice of Motion to Remand, ECF No. 5). The Hon. Esther Salas, U.S.D.J. referred Plaintiffs' Motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. After carefully considering the parties' submissions, and for good cause shown; and

**WHEREAS,** Plaintiff originally commenced the underlying litigation at issue here on or around August 28, 2008, by filing a Complaint for Foreclosure in the Superior Court of New Jersey, Chancery Division, Essex County, against pro se defendants Floyd E. Harrington, Heidi Harrington and their heirs, devisees, personal representatives and successors. (See Cert. of Robert D Bailey, Esq. in Support of Motion ("Bailey Cert."), Ex. A, ECF No. 5-2); and

**WHEREAS**, on December 23, 2009, the Superior Court of New Jersey entered final judgment against Defendants, (see Bailey Cert., Ex. C., ECF No. 5-4), and a Sheriff's Sale was held on June 26, 2012. (See Bailey Cert., Ex. D., ECF No. 5-5); and

**WHEREAS**, Defendant Heidi Harrington first removed the matter to the United States District Court on or about April 25, 2013, thereby commencing Civil Action No. 13-2679. (See Bailey Cert., ECF No. 3-3, ¶ 6); and

**WHEREAS,** Plaintiff filed a Motion to Remand Civil Action No. 13-2679 on May 23, 2013. (Id. at ¶ 7). The Hon. Esther Salas, U.S.D.J granted that motion on December 27, 2013, finding, in pertinent part, that Defendants failed to remove the matter within the time constraints set forth in 28 U.S.C. § 1446. (See Bailey Cert., Exhibit F, ECF No. 5-7, at 3-4); and

**WHEREAS,** Defendant Heidi Harrington filed a second Notice of Removal on or about February 18, 2014, thereby commencing Civil Action No. 14-1158. (See ECF No. 1 in Civil Action No. 2:14-1158); and

**WHEREAS,** in response to Defendants' second attempt at removal, Plaintiff filed another Motion to Remand, (see ECF No. 3 in Civil Action No. 2:14-1158), which Judge Salas granted after finding, again, that Defendants failed to timely file their notice of removal in accordance with 28 U.S.C. § 1446. (See generally May 2, 2014 Memorandum Opinion & Order, ECF No. 9 in Civil Action No. 14-1158). Judge Salas's May 2, 2014 Order also specified that "Defendant Heidi Harrington may not file additional removal notices to this Court 'without the express written permission of this Court, obtained in advance, and without payment of the requires filing fees.'" (Id. at 5); and

2

**WHEREAS**, Defendants filed their third Notice of Removal, under the name of Defendant Floyd Harrington, on June 5, 2014, thereby commencing the above-captioned matter. (ECF No. 1); and

**WHEREAS**, by letter dated June 18, 2014, (ECF No. 2), Plaintiff requested that the Court immediately remand the action to the New Jersey Superior Court, arguing that the removal violated Judge Salas's May 2, 2014 Order in Civil Action No. 14-1158. On July 25, 2014, Judge Salas Ordered that "Plaintiff may file a motion to remand if it so chooses because Defendant Floyd Harrington has not been previously barred from removing an action to this Court." (ECF No. 4); and

**WHEREAS**, Plaintiff filed the instant Motion to Remand on August 21, 2014, seeking to remand this action pursuant to the doctrine of collateral estoppel and 28 U.S.C. §1446, arguing that this District has already considered and remanded this action back to Superior Court twice, and that Defendants' removal from state court to federal court remains untimely. (See generally ECF No. 5); and

**WHEREAS**, this Court finds that following each of Defendants' two prior removals, the Court remanded the case to state court after finding that the removals were untimely pursuant to 28 U.S.C. §1446. (See Case No. 2:13-cv-2679 (ES) (JAD), and Case No. 2:14-cv-1158 (ES) (MAH)); and

**WHEREAS**, this Court finds the removal at issue here, which Defendant Floyd Harrington filed four years after the final judgment was entered against Defendants in state court on December 23, 2009, (see Bailey Cert., Ex. C., ECF No. 5-4), violates the requirement under 28 U.S.C. §1446, which requires the removal of a civil action to be filed "within 30 days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"; and

**WHEREAS**, even giving Floyd E. Harrington the benefit of favorable inferences in light of his status as a *pro se* litigant, Mr. Harrington has failed to make any showing that he satisfied the statutory time limitations for removal. Indeed, he filed the notice of removal at issue here years after the New Jersey Superior Court entered judgment against him in the underlying matter; and

**WHEREAS**, as Judge Salas noted in her Memorandum Opinion & Order in Civil Action No. 14-cv-1158 , there is no evidence in the record suggesting that Plaintiff did anything that might allow for any equitable tolling of Defendant's deadline for removal, let alone the several years of tolling that would be required to render Defendant Floyd Harrington's notice of removal timely; and

**WHEREAS** Defendants were required to file any opposition to Plaintiff's Motion to Remand on or before September 2, 2014; and

**WHEREAS**, to date, no party has filed any opposition to Plaintiff's Motion to Remand;

**IT IS** on this ___14___ day of October, 2014,

**RECOMMENDED** that Plaintiff's Motion to Remand be **GRANTED**; and it if further

**RECOMMENDED** that this matter be remanded to the New Jersey Superior Court, Chancery Division, Essex County; and it is further

**RECOMMENDED** that the District Court enter an order providing that Defendant Floyd E. Harrington may not file any additional removal notices to this Court "without express written permission of this Court, obtained in advance, and without payment of the required filing fees,"

4

see HSBC Mortg. Servs., Inc. v. Cunningham, No. 07-2480, 2007 WL 3005337, at *5 (N.D. Ga. Oct. 12, 2007).

JOSEPH A. DICKSON, U.S.M.J.

cc:   Honorable Esther Salas, U.S.D.J.